UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
THOMAS GESUALDI, LOUIS BISIGNANO, :
DOMINICK MARROCCO, ANTHONY : **SUMMARY ORDER ADOPTING**
PIROZZI, JOESPH A. FERRARA, SR., : **REPORT AND RECOMMENDATION**
FRANK H. FINKEL, MARC HERBST, :
DENISE RICHARDSON, THOMAS F. : 11-CV-4174 (DLI) (JMA)
CORBETT, and ANTHONY D'AQUILA, as :
Trustees and Fiduciaries of the Local 282 :
Welfare, Pension, Annuity, Job Training, and :
Vacation Sick Leave Trust Funds, :
:
                Plaintiffs, :
:
     -against- :
:
TAPIA TRUCKING LLC, :
:
               Defendant. :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

     The Court has reviewed plaintiffs' objections to the Report and Recommendation ("R&R") issued by the Hon. Joan M. Azrack, U.S. Magistrate Judge, on October 15, 2012, addressing plaintiffs' motion for default judgment. (*See* Plaintiffs' Objection, Doc. Entry No. 13; Report and Recommendation, Doc. Entry No. 9.) The Court incorporates herein the summary of facts as set forth in Magistrate Judge Azrack's thorough R&R. For the reasons set forth below, the R&R is adopted in full.

**STANDARD OF REVIEW**

     When no objections to the R&R are made, the court may adopt the R&R, if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). When objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The

1

district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

## DISCUSSION

Plaintiffs' sole objection to the R&R is the recommended reduction of attorneys' fees for the legal services of associates and paralegals. Having received no objections to the other amounts recommended in the R&R, upon due consideration, they are adopted in full.

Plaintiffs request that the Court award the full amount of attorneys' fees sought, because: (a) the recommended rates are lower than the rates approved in other ERISA default cases in the Eastern District; (b) other benefit fund trustees have been awarded rates comparable to, or higher than, the rates Plaintiffs requested here; and (c) the default application required numerous detailed submissions. (Pl. Obj. at 3-5.) Plaintiffs seek to recover a total of $4,970.00 for legal services rendered by the following individuals: partner Peter D. DeChiara, at a rate of $275 per hour; associates Tzvi N. Mackson, a 2007 law school graduate, and Danya Ahmed, a 2010 law school graduate, at a rate of $225 per hour; and paralegals Benjamin D. Berger and Elizabeth L. Ellis, at a rate of $100 per hour. (R&R at 7; Mackson Decl. Ex. E.) Plaintiffs submitted adequate supporting documentation in the form of contemporaneous time records. (*Id.*) The Magistrate Judge found the number of hours billed was reasonable, as was the hourly partner rate of $275 sought by plaintiffs; thus, neither is at issue here. (R&R at 8, 9.) The Magistrate Judge did reduce the hourly rates for the associates and paralegals. For the associates, the hourly rates were reduced from $225 per hour to $150 per hour for Mackson and $100 per hour for Ahmed. For the paralegals, the rate was reduced from $100 per hour to $75 per hour.

"The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should . . . bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F. 3d 182, 190 (2d Cir. 2008). "In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants." *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) (citing *Carco Group, Inc. v. Maconachy,* 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011) (collecting cases)). Furthermore, "[i]n awarding attorney's fees, the Court is guided by the fact that default actions are relatively simple legal matters. . . . Specifically, in ERISA default cases, courts in this [d]istrict have consistently approved rates that are closer to the lower range of fees allowed." *Gesualdi v. Magnolia Pro Trucking Inc.*, 2012 WL 4036119, at *9 (E.D.N.Y. Aug. 20, 2012) (internal quotations and citations omitted); *see also Gesualdi v. T & M Specialties, Ltd.*, 2011 WL 1326648, at *4 (E.D.N.Y. Feb. 18, 2011) (report and recommendation) *adopted by Gesualdi v. T & M Specialties, Ltd.*, 2011 WL 1253734 (E.D.N.Y. Mar 31, 2011) (finding damages claims in ERISA default actions to be "straightforward, garden-variety claims of a type that recur with little variation" and thus low in complexity).

As to the associates' hourly rates, courts in this district have taken into consideration the experience of the associate when awarding the hourly rate. *See La Barbera v. VLF11 Management Corp.*, 2012 WL 1576109, at *7-8 (E.D.N.Y. Apr. 3, 2012) (awarding hourly rate of $215 to a sixth year associate); *Labarbera v. Frank J. Batchelder Transp. LLC*., 2009 WL 240521, at *5 (E.D.N.Y. Feb. 2, 2009) (recommending reducing junior associate rates from $225

to $125 and $100, because the associates were "recently admitted and therefore have lesser experience and expertise"). Thus, the Court adopts the Magistrate Judge's recommendation to award fees for the associates at the hourly rates of $150 for Mackson and $100 for Ahmed, as these rates are reasonable under the circumstances presented here.

As for the paralegals' hourly rate, the Magistrate Judge correctly reduced the hourly rate, because $100 per hour is either at the top or in excess of the hourly rate generally approved in this district. *See Gunawan v. Sake Sushi Restaurant*, 2012 WL 4369754, at *12 (E.D.N.Y. Sept. 24, 2012) (reducing paralegal hourly rate from $125 to $75) (citing *Finkel v. Detore Elec. Const. Co., Inc.*, 2012 WL 1077796, at *12 (E.D.N.Y. Mar. 6, 2012) (reducing paralegal billing rate from $90 to $80) and *Ferrara v. CMR Contracting LLC*, 2012 WL 987497, at *8 (E.D.N.Y. Mar. 6, 2012) (finding a rate of $90 per hour for paralegal work "excessive" and reducing it to $75)). Thus, the Magistrate Judge's recommendation to award fees for the paralegal at the hourly rate of $75 is adopted.

## CONCLUSION

Upon due consideration, the objections to the R&R are overruled and the R&R is adopted in full. Accordingly, plaintiffs' motion for default judgment is granted and plaintiffs are awarded a total of $384,217.14, representing: (i) $350,803.58 in outstanding unpaid contributions; (ii) $15,045.51 in prejudgment interest; (iii) $15,045.51 in prejudgment liquidated damages; and (iv) $3,322.54 in attorneys' fees and costs. Additionally, plaintiffs are awarded per diem interest of $173.07 and per diem liquidated damages of $173.07 from November 28, 2011 through the date of final judgment, which should be calculated by the Clerk of Court. Lastly, the Court grants plaintiffs' request for an injunction requiring the defendant to submit outstanding remittance reports.

SO ORDERED.

DATED: Brooklyn, New York
         March 6, 2012

                                                          /s/
                                          DORA L. IRIZARRY
                                     United States District Judge